UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RANDALL ODDO, ET AL.                                CIVIL ACTION

VERSUS                                              NO: 06-6888

HOMECOMING FINANCIAL LLC, ET                        SECTION: "A" (3)
AL.

## ORDER AND REASONS

Before the Court is a **Motion to Set Aside Default (Rec. Doc. 25)** filed by defendant Tenet Federal Credit Union and a **Motion to Set Aside Default (Rec. Doc. 27)** filed by defendant Direct Mortgage Funding.  Plaintiffs Randall Oddo and Earline Oddo oppose the motions.  The motions, set for hearing on April 18, 2007, are before the Court on the briefs without oral argument.  For the reasons that follow the motions are GRANTED.

I.      **BACKGROUND**

Randall and Earline Oddo ("Plaintiffs") initiated this suit in state court against Homecomings Financial Network, LLC, Tenet Federal Credit Union, Direct Mortgage Funding, and State Farm Fire and Casualty Co.  Plaintiffs own property in Harvey,

Louisiana, and they allege significant damage to their home due to flooding and winds associated with Hurricane Katrina.  After the hurricane Plaintiffs attempted to initiate a flood claim with State Farm, their flood insurer.  State Farm notified Plaintiffs that their flood insurance had been cancelled because the premium had not been paid.  Because Plaintiffs had a mortgage on their home, all insurance payments were made to an escrow account from which the mortgagee was responsible for paying the insurance premiums.

In 2004, Plaintiffs had refinanced their home with Tenet.  Tenet subsequently transferred the servicing of the loan to Direct Mortgage.  In July 2004, Direct Mortgage transferred its servicing rights to Homecomings.  When Plaintiffs contacted Homecomings about the unpaid premium, Homecomings claimed that Tenet and/or Direct Mortgage had failed to provide it with the history and guidelines associated with Plaintiffs' account and that this omission had contributed to the cancellation of Plaintiffs' flood insurance.  Plaintiffs allege that they have been unable to make repairs on their home due to Defendants' failure to pay the flood insurance premium.

Plaintiffs filed the instant suit naming Homecomings Financial Network, LLC, Tenet Federal Credit Union, Direct Mortgage Funding, and State Farm Fire and Casualty Co. as

2

defendants.  State Farm removed the suit to this Court on September 29, 2006.

The record establishes that Tenet was served with the petition on September 22, 2006, and Direct was served on September 21, 2006.  On December 29, 2006, the Court placed this matter on the call docket, and on January 29, 2007, Plaintiffs moved for entry of default as to Tenet and Direct Mortgage given their failure to answer the lawsuit.  On January 30, 2007, the Clerk entered a default as to defendants Tenet and Direct Mortgage.

Tenet and Direct Mortgage now move the Court to set aside the entries of default.  Tenet asserts that a new employee received the pleadings in this matter, and assumed that Tenet did not have to respond because Tenet had transferred its rights under the loan.

Direct Mortgage asserts that its Director of Operations received "the suit papers" but believed that his company was simply an intermediary as opposed to being a defendant in the lawsuit.  He forwarded the documents to Tenet for handling.

Plaintiffs oppose setting aside the defaults.  Plaintiffs argue that Tenet and Direct Mortgage have not shown good cause for setting aside the defaults and that their treatment of Plaintiffs' lawsuit was cavalier at best.

**II.   DISCUSSION**

Rule 55(a) mandates entry of default where a party fails to plead or otherwise defend a suit as provided in the Rules. Fed. R. Civ. P. 55(a). Rule 55(c) provides that for good cause shown the court may set aside an entry of default. Fed. R. Civ. P. 55(c). "Good cause" is to be interpreted liberally. Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (citing Amberg v. Federal Dep. Ins. Corp., 934 F.2d 681, 685 (5th Cir. 1991)). The court looks to a variety of factors when determining whether good cause exists including whether the failure to act was willful and whether the party acted expeditiously to correct the default. Id. (citing Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000); Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)). The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999). The decision to grant or deny a motion to set aside a default rests within the sound discretion of the trial court. See Ice Co. Prod. WLL v. C & R Refrig., Inc., No. 05-003, 2005 WL 1799517, *1 (E.D. Tex. July 26, 2005).

Defendants' "excuses" for failing to respond to Plaintiffs' lawsuit demonstrate either that they wilfully ignored the

4

complaint or were just grossly incompetent in their handling of the complaint.  Nevertheless, a judgment has not yet been entered against Tenet and Direct Mortgage and they have moved expeditiously to set aside the entries of default.  The docket sheet reveals that little has taken place so far in this litigation except with regard to the instant defaults.  Given the Fifth Circuit's policy in favor of resolving cases on their merits, the Court in its discretion will vacate the entries of default.  However, given that Tenet and Direct Mortgage were so remiss in their handling of Plaintiffs' lawsuit they shall pay the reasonable attorney's fees incurred by Plaintiffs' counsel in seeking the defaults and in opposing this motion.  <u>St. Claire v. Ensurelink</u>, No. 01-1548-G, 2001 WL 1568749, *3 n.7 (N.D. Tex. Dec. 5, 2001).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Set Aside Default (Rec. Doc. 25)** filed by defendant Tenet Federal Credit Union and the **Motion to Set Aside Default (Rec. Doc. 27)** filed by defendant Direct Mortgage Funding are **GRANTED**.  The entries of default against these two defendants are vacated;

**IT IS FURTHERED ORDERED** that the **Motions for Leave to File Answer (Rec. Docs. 30 & 31)** filed by Tenet and Direct Mortgage

5

Funding are **GRANTED**;

**IT IS FURTHER ORDERED** that within ten (10) days of entry of this order Plaintiffs' counsel shall submit to Tenet and Direct Mortgage a demand for the attorney's fees incurred in seeking the defaults and in opposing the motions to set aside those same defaults.  Defendants are **ORDERED** to respond to the demand within ten (10) days of receipt under pain of having their newly filed answers stricken from the record.  If counsel cannot agree on the amount due then Plaintiffs shall move the Court for a determination as to the appropriate award;

**IT IS FURTHER ORDERED** that a status conference is **SET** for **Thursday, May 10, 2007, at 10:00 a.m.** IN CHAMBERS, at which time all Defendants shall explain to this Court what efforts they have made to amicably resolve Plaintiffs' claim.

April 20, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE